JONES ET AL., APPELLEES, *v.*
UNIVERSITY HOSPITALS OF CLEVELAND,
INC., APPELLANT;
ZEIT ET AL., APPELLEES.

JONES, ET AL., APPELLEES, *v.*
UNIVERSITY HOSPITALS OF CLEVELAND,
INC. ET AL., APPELLEES;
KENNELL, APPELLANT.

(Nos. 82AP-918 and 82AP-940—Decided March 15, 1983.)

*Weisman, Goldberg & Weisman Co., L.P.A., Mr. Fred Weisman* and *Mr. Joseph E. Rutigliano,* for appellees Jones et al.

*Mr. R. Crawford Morris, Mr. Richard A. Dean* and *Ms. Irene Keyse-Walker,* for appellant and appellee University Hospitals of Cleveland, Inc.

*Mr. Robert G. Quandt,* for appellee Paul M. Zeit, M.D.

*Mr. Albert J. Rhoa,* for appellee and appellant John M. Kennell, M.D.

*Mr. Anthony J. Celebrezze, Jr.,* attorney general, *Mr. Michael H. Igoe, Mr. Robert Tongren* and *Ms. Janet B. Stewart,* for appellee state of Ohio.

COOK, J. Appellants, University Hospitals of Cleveland and Dr. John Kennell, in separate appeals, have appealed the *sua sponte* dismissal of their petition for removal by the Court of Claims.

Robert L. Jones, Jr., an appellee herein, filed a medical malpractice suit in the United States District Court for the Northern District of Ohio against appellants and Dr. Paul Zeit. Appellants and Zeit filed a third-party complaint naming the Ohio Department of Health, an appellee herein, as a defendant. A petition for removal was filed with the Ohio Court of Claims by appellants. On October 4, 1982, the Court of Claims *sua sponte* dismissed appellants' petition.

Appellants have appealed the judg-

ment of the trial court and have filed the following assignment of error:

"Did the Ohio Court of Claims err by dismissing *sua sponte* Appellants' Petition for Removal pursuant to O.R.C. Section 2743.03(E)?"

The assigned error is without merit.

R.C. 2743.03(E) provides:

"(1) A party who files a counterclaim against the state or makes the state a third-party defendant in an action commenced in any court, other than the court of claims, shall file a petition for removal in the court of claims. The petition shall state the basis for removal, be accompanied by a copy of all process, pleadings, and other papers served upon the petitioner, and shall be signed in accordance with Civil Rule 11. A petition for removal based on a counterclaim shall be filed within twenty-eight days after service of the counterclaim of the petitioner. A petition for removal based on third-party practice shall be filed within twenty-eight days after the filing of the third-party complaint of the petitioner.

"(2) Within seven days after filing a petition for removal, the petitioner shall give written notice to the parties, and shall file a copy of the petition with the clerk of the court in which the action was originally brought. The filing effects the removal of the action to the court of claims, and the clerk of the court where the action was brought shall forward all papers in the case to the court of claims. The court of claims shall adjudicate all civil actions removed. The court may remand a civil action to the court in which it originated upon a finding that the removal petition does not justify removal, or upon a finding that the state is no longer a party.

"(3) Bonds, undertakings, or security and injunctions, attachments, sequestrations, or other orders issued prior to removal remain in effect until dissolved or modified by the court of claims."

Appellants contend that the words "in any court" include the United States

District Court for the Northern District of Ohio.

In *Mierke* v. *Superintendent of Banks* (Sept. 7, 1978), No. 78AP-304, unreported, this court, at page 5, stated:

"We conclude that a fair reading of R.C. 2743.03(E) necessarily limits application thereof to actions filed in courts of this state, and that that section does not authorize, or attempt to authorize, filing of petitions for removal to the Court of Claims of actions filed in jurisdictions other than the State of Ohio, which precludes removal of an action commenced in a federal court to the Court of Claims. * * *"

The Court of Claims did not err in *sua sponte* dismissing appellants' petition for removal.

For the foregoing reasons, the assignment of error is overruled, and the judgment is affirmed.

*Judgment affirmed.*

WHITESIDE, P.J., and MOYER, J., concur.

COOK, J., of the Eleventh Appellate District, sitting by assignment in the Tenth Appellate District.